## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION


**FRUTOSO VILLARREAL, JR.,**

      **Petitioner,**

**vs.**                                                    **Case No. 4:10cv302-MP/WCS**

**SECRETARY EDWIN G. BUSS,[1]**

      **Respondents.**

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Doc. 1.  He was directed to file an amended § 2254 petition.  Doc. 7 (incorporated

herein by reference).[2]  Petitioner filed a response to court order to amend, seeking an

extension of time (as well as an explanation as to why) if the court determined that a

---

[1] Edwin G. Buss succeeded Walter McNeil as Secretary for the Florida Department of Corrections, and is automatically substituted as Respondent. Fed.R.Civ.P. 25(d).

[2] That order erroneously said the petition was filed using a § 2241 form, but later referenced it as a § 2254 petition.  Doc. 7, p. 1.  It was filed on the § 2254 form.  Doc. 1.

new petition number was necessary for the current case.  Doc. 8.  The motion was

granted as to the extension, and Petitioner advised he "need not file an amended

petition unless and until directed to do so."  Doc. 9.

 To put Petitioner's arguments in perspective, the amendments of the

Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, created

a one year time limit for filing a § 2254 petition. § 2244(d)(1).  Since Petitioner's

conviction was final before the effective date of the amendment, he had a one year

grace period from that date in which to file a § 2254 petition.  <u>Wilcox v. Florida Dept. of

Corrections</u>, 158 F.3d 1209, 1211 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).

 Much of the following is repeated or summarized from the order to amend, doc.

7.  The § 2254 petition does not identify the state court judgment under attack, but

instead references Petitioner's § 2254 petition filed with this court in 1995, a copy of

which is attached as Ex. A to doc. 1 (doc. 1-1 as scanned in ECF) (electronic case

filing).  That petition, signed by Petitioner on April 10, 1995, was assigned case number

4:95cv40163-MP/WCS.[3]  Attached to the current § 2254 petition as Ex. B is my report

and recommendation of August 31, 1995, filed as doc. 15 in that case.   Doc. 1-2, pp. 1-

4 in ECF.

 As set forth in the 1995 report and recommendation, a previous order noted that

Petitioner had not exhausted any ineffective assistance of counsel claim in state court,

and could still do so as the time to file a Fla.R.Crim.P. 3.850 motion had not expired.

---

 [3] The way case numbers were identified at that time, it was TCA 95-40163-MMP.
Due to the age of the case none of the documents were filed electronically or scanned
into ECF, though the docket is available in ECF.  According to the docket the paper file
was sent to federal archives on January 16, 2001.

Doc. 1-2, p. 2 in ECF (referencing the prior order as doc. 9 in that file).  Petitioner had

been advised that he could not proceed with a mixed petition containing both exhausted

and unexhausted claims, so he could either voluntarily dismiss the entire petition until all

state court remedies for all claims were exhausted, or dismiss the unexhausted claims

and proceed with only his exhausted claims, but this would risk that future review of

such claims would be barred.[4]

The grounds in support of the § 2254 petition pertain to the actions of the state

courts in denying postconviction relief, and in imposing sanctions, which allegedly

infringed Petitioner's right of access to the courts.  Doc. 1, pp. 4-5 (pp. 5-6 in ECF).

According to a relatively recent order (given the age of the case) entered in state

court:

> The defendant was indicted for murder in the first degree with a firearm, a
> capital crime.  The State withdrew the death penalty and, after a jury trial,
> the defendant was found guilty of first degree murder.  He was sentenced
> to life imprisonment with a 25-year minimum mandatory portion.  The
> defendant's sentence was *per curiam* affirmed on 06/06/94.  The Florida
> Supreme Court declined discretionary review on 10/07/94.

Doc. 1, Ex. I (doc. 1-4, pp. 19-20 in ECF) (order of April 8, 2009, dismissing seventh

motion for post conviction relief).  The state court order listed six previous motions,

beginning with one received on August 30, 1996, and ending with one received on

October 30, 2006.  *Id.*, p. 20 in ECF.  *Id.*  "All prior motions were denied on the merits or

---

[4] At the time, this was pursuant to § 2254 Rule 9(b).  As discussed ahead, the law changed in 1996.  Now the court's review of a second or successive § 2254 petition is even more restricted.  *See* 28 U.S.C. § 2244(b)(3)(A); § 2254 Rule 9 (as amended in 2004 to reflect changes made in 1996) ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

dismissed as untimely," and the rulings were affirmed on appeal.  *Id.*  The order dismissed the seventh motion, and directed Petitioner to show cause why he should not be subject to administrative disciplinary procedures and required to have all future actions filed in that court only if signed by a licensed attorney.  *Id.*, p. 21.

My order advised Petitioner that a defect in a state collateral proceeding would not state a claim for habeas corpus relief.  Doc. 7, p. 3 (citations and footnotes omitted).  Petitioner was directed to file an amended petition if he wished to challenge the judgment pursuant to which he is in state custody, and Petitioner was advised how to prepare his amended pleading.  *Id.*, pp. 3-5 (citations and footnote omitted).  He also was advised that the current petition was probably barred as untimely under the one year limitations period for filing a § 2254 petition.  *Id.*, p. 5 (citations and footnote omitted).  I said that "[u]ntil a properly amended § 2254 petition has been filed, however, it is too soon to determine whether or not it is timely."  *Id.*

Petitioner responded that he does not want to file a new § 2254 petition, but instead, to reinstate the original petition filed in 1995, which provided all the necessary information about the judgment under attack.  Doc. 8, pp. 1-4.  He asked the court to "take judicial notice that [he] does not wish to file a new 2254 Petition, only to have his original 2254 petition case number 95-40163-MMP, reinstated and heard keeping in mind all attempts to exhaust State Court remedies since 1995."  *Id.*, p. 4.  He contends that the state court has never addressed the merits of his claims.  *Id.*, pp. 5-10 (discussing the state court orders).  Petitioner asserts that he "is not claiming any defect in a collateral proceeding, he is attacking the prohibition and prevention of proceeding in the Federal Court," because over the years he made "numerous attempts to exhaust

State Court remedies, to no avail." *Id.*, pp. 10-11.  He contends that amending his §

2254 petition would be "at the risk of losing any benefits of the claims made in case

number 95-40163-MMP, prior to the effective A.E.D.P.A. April 24, 1996." *Id.*, p. 13.

*See also*, p. 15 (arguing that to amend and abandon the 1995 case would be "suicidal"

as risking dismissal and of no benefit to him).  Petitioner wishes to proceed in the 1995

case, under that case number, as "he only returned to State Court to exhaust State

Court remedies." *Id.*, p. 13 (footnote omitted).

Petitioner notes that the 1995 report and recommendation recommended

dismissal without prejudice, and did not recommend a time limit for Petitioner to exhaust

remedies.  *Id.*, p. 14.  He asserts that the AEDPA does not apply as his 1995 petition

(as now reinstated) was filed prior to the effective date.  *Id.*

These contentions are unpersuasive.  Petitioner cannot somehow reopen or

amend § 2254 petition, which was filed and dismissed without prejudice in 1995.  The

recommendation was adopted and judgment entered on the docket on September 25,

1995.  Docs. 17 and 18 in that file.  A certificate of probable cause to appeal was denied

by this court and the Eleventh Circuit.  Docs. 20 and 27 in that case.  By the time the

current petition was filed, that case had been over for almost fourteen years.

In Nyland v. Moore, the petitioner's initial petition had been dismissed without

prejudice for failure to exhaust state remedies.  216 F.3d 1264, 1266 (11th Cir. 2000).

He filed another § 2254 petition less than nine months after the first had been

dismissed, claiming that the filing should relate back to the date the first § 2254 petition

was filed.  *Id.*  The court agreed "that a § 2254 petition cannot relate back to a

previously filed petition that has been dismissed without prejudice because there is

nothing for the current petition to relate back to."  *Id.*, agreeing with the reasoning in

Jones v. Morton, 195 F.3d 153, 160 (3rd Cir.1999).[5]  *See also* Marsh v. Soares, 223

F.3d 1217, 1219 (10th Cir.2000) ("Mr. Marsh's second habeas was more than an

amendment; it was a separate filing some three years after the first petition," and could

not relate back) (citing Nyland, other citations omitted).  Indeed, given the interplay

between the one year limitations period and the requirement that mixed petitions

(containing exhausted and unexhausted claims) be dismissed, the Supreme Court has

approved stay and abatement of timely filed mixed petitions in certain circumstances

because of the likelihood that petitioners may run out of time after dismissal of a mixed

petition.  *See* Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

If a petition dismissed without prejudice for failure to exhaust could be reinstated many

years later there would be no reason to fashion standards for stay and abatement of a

petition.

　　　Given that the petition cannot relate back to or somehow revive the 1995 petition,

the case is due to be dismissed.  Petitioner makes it clear that he wants to raise the

same claims he raised in 1995, and asks the court to consider his attempts to exhaust

since 1995.  His one year to file a § 2254 petition commenced on the effective date of

---

[5] In that case, Petitioner Jones had filed two § 2254 petitions before the AEDPA, both of which were dismissed without prejudice for failing to exhaust.  His conviction was final before the effective date of the AEDPA, and he filed his third § 2254 petition past the grace period of one year from the effective date.  195 F.3d at 157-158. Rejecting the argument that the filing of the third petition related back to the others, the court said, "[b]ecause the first and second petitions were dismissed, and the cases closed, there was nothing for Jones's third petition to relate back to.  Traditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice.  As we explained in a recent habeas case, '[t]ypically, when a complaint (or habeas petition) is dismissed without prejudice, that complaint or petition is treated as if it never existed.'"  *Id.*, at 160 (citation omitted).

the AEDPA, and was tolled while a "properly filed" application for relief was pending in state court.  § 2244(d)(2).

According to the state court order denying his seventh motion, Petitioner filed a motion on August 30, 1996, and the mandate issued on August 22, 1997.  Doc. 1-4, p. 20.  He filed a motion on December 8, 1997, and the mandate issued on August 17, 2000.  *Id.*  He filed a motion on August 29, 2000, and the mandate issued on June 14, 2002.  *Id.*  He filed a motion on August 28, 2004, and the mandate issued on July 18, 2005.  *Id.*  He filed a motion on October 30, 2006, and the mandate issued on August 23, 2007.

The court will assume the motions identified by the state court were properly filed and each tolled the period until the mandate issued.  *See* Nyland, 216 F.3d at 1265 (error to fail to toll time for post conviction motions until mandates issued).[6]  Some 128 days elapsed from the commencement date of April 24, 1996 (the effective date of the AEDPA), until the first motion was received on August 30, 1996.  Some 105 days elapsed from the time the mandate on that motion issued until the second motion was received.  Only eight days elapsed from the mandate on that motion issued until the third motion was received.  Some 803 days elapsed from the date the mandate on that motion issued until the fourth motion was received.  That period alone was over two years.

---

[6] This court generally tolls the time from the date a post conviction motion it was signed and mailed by an inmate (and thus filed under the prison mailbox rule) until the mandate issues.  The state court order identifies the date the motions were received, usually a few days after an inmate mails them.  However, so much time has passed that a few additional days of tolling for each motion would not help Petitioner.

Had Petitioner not received satisfactory review in state court after properly presenting and exhausting his federal claims, his next step was to file a § 2254 within the one year limitations period.  Instead he spent years litigating and apparently relitigating various claims in state court, until he was sanctioned there and turned to this court, many years too late.

In light of the foregoing, it is respectfully **RECOMMENDED** that the § 2254 petition, attempting to reinstate Petitioner's § 2254 petition filed and dismissed in 1995, case number 4:95cv40163-MP/WCS, be summarily **DISMISSED** as an untimely § 2254 petition.

**IN CHAMBERS** at Tallahassee, Florida, on July 18, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**